891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rabit Noel RIVERA, Defendant-Appellant.
 No. 89-30034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rabit Noel Rivera appeals his conviction following a jury trial for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Rivera contends that the district court erred in denying his motion to suppress evidence discovered after a Terry investigative stop because the arresting officer did not have a reasonable articulable suspicion that Rivera was a drug courier. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The district court's ruling on the legality of an investigative stop is a mixed question of law and fact that we review de novo. United States v. Ayarza, 874 F.2d 647, 649-50 (9th Cir.1989); United States v. Ramirez-Sandoval, 872 F.2d 1392, 1394 n. 2 (9th Cir.1989).
 
 
 4
 Rivera contends that he was "seized" within the meaning of the fourth amendment when the police officer first approached him at curbside and asked to see his airline ticket. A person is " 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980) (footnote omitted). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). Law enforcement officers do not violate the fourth amendment by merely approaching an individual in a public place and asking him if he is willing to answer some questions. Florida v. Royer, 460 U.S. 491, 497 (1983) (op. of White, J.); United States v. Low, No. 88-1355, slip op. 12395, 12402 (9th Cir. Oct. 5, 1989); United States v. $25,000 U.S. Currency, 845 F.2d 857, 860 (9th Cir.1988); see also United States v. Woods, 720 F.2d 1022, 1026 (9th Cir.1983) ("law enforcement officers do not violate the fourth amendment by approaching an individual in a public place and putting questions to him or her. The person so questioned need not answer any questions and is legally free to ignore the officer or to walk away.").
 
 
 5
 Our review of the record shows that Rivera's liberty was not restrained in any way when the officer first approached him. Before Rivera said a word, the officer informed him that he was not under arrest and could leave without saying anything. Rivera was in a public place, and the officer had not positioned himself to prevent Rivera from simply turning around and walking away. Under these circumstances, Rivera could reasonably believe that he was free to leave. As a result, Rivera was not seized when the officer initially approached him.
 
 
 6
 Similarly, there was no seizure when the officer requested that Rivera produce his airline ticket and identification. A police officer may ask a suspect for his identification and airline ticket and examine these documents without offending the fourth amendment. United States v. Low, No. 88-1355, slip op. at 12401; United States v. Woods, 720 F.2d at 1026 (before request for identification or travel documents, fact that officer identifies himself as a police officer does not " 'convert the encounter into a seizure requiring some level of objective justification.' ") (quoting Florida v. Royer, 460 U.S. at 497). Because Rivera voluntarily ceded his travel and identification documents, we conclude that under Florida v. Royer, United States v. Low, and United States v. Woods, the officer's conduct did not constitute a seizure. As a result, the officer had no need to justify his actions with a reasonable, articulable suspicion, and Rivera's consent to the search of his suitcase was without constitutional defect.
 
 
 7
 For the reasons stated above, the district court did not err in denying Rivera's motion to suppress. Accordingly, the judgment is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3